**FILED**
**SEP 0 6 2016**
[Clerk signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ELDON WIENS,<br><br>          Plaintiff,<br><br>VS.<br><br>ASSOCIATED MILK PRODUCERS, INC.<br><br>          Defendant. | Civ. No. 16- 4126<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

    COMES NOW Eldon Weins, and for his Complaint against Defendant Associated Milk Producers, Inc., a.k.a. AMPI, states and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

    1) This an age discrimination in employment and retaliation action arising under the Age Discrimination in Employment Act of 1967, as amended, codified at 29 U.S.C. § 623(a), *et seq*.

    2) This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 29 U.S.C. § 626(c), 42 U.S.C. § 2000e-5(f)(1) and (3), and 28 U.S.C. §§ 1331 and 1343(a)(4).

    3) Venue is proper in accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

    4) Plaintiff Eldon Wiens ("Wiens") is an adult resident of Turner County, South Dakota.

    5) Defendant Associated Milk Producers, Inc., also known as "AMPI," is a Kansas company doing business in South Dakota as Associated Milk Producers, Inc. in Freeman, South Dakota.

    6) Wiens was terminated on January 15, 2015, and timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 6, 2015. On June 23, 2016, Wiens received a Notice of Suit Rights from the EEOC.

## GENERAL ALLEGATIONS

7) AMPI employed Wiens at its Freeman, South Dakota, location between 1978 and January 15, 2015.

8) AMPI is a covered employer as contemplated by 29 U.S.C. § 630(b).

9) Wiens is seventy-four (74) years old and is within the ADEA's protected age group.

10) Wiens was qualified and able to perform the essential duties of his position.

11) During his employment, Wiens was subjected to ongoing demeaning comments by his supervisor related to his age, including that he was "senile" and needed to go to a nursing home.

12) During his employment, Wiens was subject to disparate treatment because of his age.

13) Younger employees at AMPI were both rewarded and disciplined differently than employees in the protected age group.

14) Wiens was denied proper training because of stereotyped perceptions about his abilities because of his age.

15) In July 2012, Wiens was involuntarily transferred from his bagger position to a custodian position because of stereotyped assumptions about his age even though he was qualified and able to continue to perform the bagger position satisfactorily.

16) Wiens made formal complaints about his hostile work environment and disparate treatment on or about July 24, 2014.

17) To the best of his knowledge, AMPI did not take remedial measures to address his complaint.

18) Just five (5) months later, in December 2014, AMPI informed me that Wiens that he was going to be terminated in a reduction in force ("RIF").

19) AMPI's proffered explanation of his termination as a RIF is pretextual.

20) The only two employees affected by the alleged RIF were in the protected age category.

21) Wiens was not considered for job reassignment or transfer.

22) Wiens was told he needed to complete retirement forms even though he was not retiring. He was offered a severance package in exchange for a waiver of his right to bring a discrimination claim; he did not accept the severance package.

23) Wiens suffered an adverse employment action when he was terminated on January 15, 2015.

## COUNT I:  VIOLATION OF THE ADEA

24) Because of his age, Wiens was repeatedly subjected to demeaning comments and different terms and conditions of employment than younger workers at AMPI.

25) Because of his age, Wiens's supervisor subjected him to different mentoring, training, disciplinary and scrutiny standards than other AMPI workers who were not in the protected age range.

26) Because of his age, Wiens was subjected to a hostile work environment.

27) Wiens was terminated as a result of his employer's age-related animus.

28) To the best of his knowledge, Wiens was replaced by a younger worker.

29) AMPI's proffered explanation of Wiens termination as a reduction in force ("RIF") is pretextual because AMPI was advertising for positions when it terminated Wiens for this reason.

30) AMPI's termination of Wiens on January 15, 2015, is casually related to his age.

31) The unlawful discriminatory acts complained of in Count One of this Complaint were willful, reckless, and malicious.

32) As a result of AMPI's discriminatory treatment, Wiens suffered economic loss due to his loss of wages and benefits, personal injury to his health caused by stress, anxiety and fear, and humiliation, embarrassment and a loss of enjoyment of life.

## COUNT II:  RETALIATION

33) Wiens reported discriminatory treatment related to his age to AMPI on or about July 24, 2014.

34) After Wiens reported discriminatory treatment, Wiens was subjected to retaliation by his supervisor and co-workers.

35) After Wiens reported discriminatory treatment, Wiens was informed he would be terminated in December 2014, and was terminated on January 15, 2015.

36) To the best of his knowledge, Wiens was replaced by a younger worker.

37) AMPI's termination of Wiens on January 15, 2015, is casually related to his protected activity.

38) The unlawful retaliatory acts complained of in Count Two of this Complaint were willful, reckless, and malicious.

39) As a result of AMPI's retaliatory treatment, Wiens suffered economic loss due to his loss of wages and benefits, personal injury to his health caused by stress, anxiety and fear, and humiliation, embarrassment and a loss of enjoyment of life.

## PRAYER FOR RELIEF

40) For a trial by jury on the merits of his claims;

41) For compensatory damages in such amount as the evidence at trial may show to make Mr. Wiens whole by providing appropriate back pay, liquidated damages as allowed by law and

pre-judgment interest as a result of AMPI's unlawful employment practices in amounts to be determined by the jury;

42) For general damages in such amount as the evidence at trial may show to make Wiens whole by providing appropriate compensation for past and future losses arising from the pain, anxiety, humiliation and embarrassment suffered by Wiens as a result of AMPI's unlawful employment practices in amounts to be determined by the jury;

43) For punitive damages in such an amount as the evidence at trial may show in amounts to be determined by the jury; and

44) For his costs and disbursements incurred herein, including reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this 2nd day of September 2016.

JOHNSON POCHOP & BARTLING

/s/ Stephanie E. Pochop
Stephanie E. Pochop
Kelsea K. Sutton
405 Main St. | PO Box 149
Gregory, SD 57533
(605) 835-8391
stephanie@rosebudlaw.com
kelsea@rosebudlaw.com